UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| MARK ANTHONY NEWBERRY, | : | Case No. 3:25-cv-00215 |
| Plaintiff, | : | |
| | : | District Judge Michael J. Newman |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| COX MEDIA GROUP, LLC, *et al.,* | : | |
| | : | |
| Defendants. | : | |

**ORDER STRIKING PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL EVIDENCE (DOC. NO. 3) AND DENYING PLAINTIFF'S MOTIONS FOR ELECTRONIC FILING RIGHTS (DOC. NO. 5) AND TO RECEIVE SERVICE BY EMAIL (DOC. NO. 4)**

Plaintiff filed this civil lawsuit *pro se* on July 1, 2025, alleging that Defendants published defamatory information about him. (Complaint, Doc. No. 1.)

This Order addresses three motions that are pending on the docket. (Doc. Nos. 3, 4, 5.) First, Plaintiff has filed a document titled "Emergency Motion for Leave to File Supplemental Photo Evidence." (Doc. No. 3.) He attaches some photographs or screenshots, as well as copies of emails and election results. (*Id.*) The Court **ORDERS** this document to be **STRICKEN** from the docket because neither the Federal Rules of Civil Procedure nor the Court's Local Rules permit evidentiary materials to be presented at this time or in this way. *See, e.g.*, Fed. R. Civ. P. 7(a); S.D. Ohio Civ. R. 7.2(c), (d), & (e). Plaintiff should retain his evidence and present it at the proper time and in a proper form.

Plaintiff's remaining motions are a "Motion by Pro Se Litigant to Receive Service By Email Through the Electronic Case Filing System" (Doc. No. 4) and a "Motion by Pro Se Litigant to Obtain Electronic Case Filing Rights" (Doc. No. 5). Generally, "[p]arties proceeding pro se are not permitted to file electronically." S.D. Ohio CM/ECF Procedures Guide, Section 1.1. However, "[a] pro se individual may apply to the assigned Judicial Officer for permission to electronically file documents." *Id*.; *see also* S.D. Ohio Civ. R. 83.5(b) ("If the Court permits, a party to a pending proceeding who is not represented by an attorney may register as a Filing User solely for the purposes of that action."). "[T]he grant of electronic filing privileges is a *privilege* granted to pro se litigants in the discretion of this Court." *Needham v. Butler Cnty. Jail*, No. 1:19-cv-294, 2019 WL 5883643, at *2 (S.D. Ohio Nov. 12, 2019) (emphasis added).

The undersigned will deny Plaintiff's request for electronic filing privileges at this time. (Doc. No. 5.) First, Plaintiff has not demonstrated any need for such privileges or given any reason why they should be granted. (*Id*.) It does not appear that there is any impediment to paper filing. Plaintiff resides in Dayton where the Court is located and has had no problem filing in person or by mail.

Moreover, the undersigned is not confident that Plaintiff would use the Court's efiling system only to submit appropriate documents that comport with the applicable rules. In Plaintiff's two recently-filed lawsuits, the Court has already had to reject, strike, or seal several improper filings. (*See* Doc. No. 3 herein; Doc. Nos. 5, 9, 11, 12, 13, 14, 21 in Case No. 3:25-cv-175.) *See also Clark v. Williams*, No. 2:23-cv-04201, 2024 WL 3342432, at *3 (S.D. Ohio July 9, 2024) (holding that a Magistrate Judge was "was well

within her discretion to choose not to grant Plaintiff the privilege of electronic filing," given the plaintiff's filing history).

Therefore, the undersigned **DENIES** Plaintiff's motion for electronic filing privileges (Doc. No. 5) and motion to receive service by email (Doc. No. 4). Plaintiff may renew his motions if warranted by a change in circumstances.

**IT IS SO ORDERED**.

*s/Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge