UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MARK A. NEWBERRY,

    Plaintiff,

vs.

COX MEDIA GROUP LLC, *et al.*,

    Defendants.

Case No. 3:25-cv-215

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) DISMISSING DEFENDANT APOLLO GLOBAL MANAGEMENT, INC. (Doc. No. 23); (2) GRANTING DEFENDANTS OHIO NEWSPAPERS, INC. d/b/a DAYTON DAILY NEWS, COX MEDIA GROUP, LLC, AND MIAMI VALLEY BROADCASTING CORPORATION d/b/a WHIO-TV'S MOTION TO DISMISS (Doc. No. 17); (3) DENYING AS MOOT DEFENDANT APOLLO GLOBAL MANAGEMENT, INC.'S MOTION TO DISMISS (Doc. No. 18); (4) DENYING AS MOOT PLAINTIFF'S MOTION TO AMEND THE CASE CAPTION AND SUBSTITUTE A PROPER PARTY (Doc. No. 16); (5) TERMINATING THIS CASE ON THE DOCKET; AND (6) DENYING PLAINTIFF A CERTIFICATE OF APPEALABLITY**

---

Plaintiff Mark A. Newberry brings this case *pro se* alleging defamation, unfair trade practices under the Federal Trade Commission Act (15 U.S.C. § 45, *et seq.*), and false commercial representation under the Lanham Act (15 U.S.C. § 1125, *et seq.*), against Defendants Dayton Daily News, WHIO-TV, Cox Media Group, LLC, and Apollo Global Management. Doc. No. 6 at PageID 49.

The case is before the Court on Plaintiff's Fed. R. Civ. P. 15(a) motion to amend the caption and substitute the proper party (Doc. No. 16), Defendants Cox Media Group LLC, Dayton Daily News, and WHIO-TV's combined Fed. R. Civ. P. 12(b)(6) motion to dismiss (Doc. No. 17), and Defendant Apollo Global Management's motion to dismiss also filed under Rule 12(b)(6) (Doc. No. 18). Plaintiff filed a memorandum in opposition to Defendants Cox Media Group LLC, Dayton Daily

News, and WHIO-TV's motion to dismiss (Doc. No. 22), and then filed a notice of voluntary dismissal of Defendant Apollo Global Management (Doc. No. 23).[1]  Defendants Cox Media Group LLC, Dayton Daily News, and WHIO-TV thereafter filed a reply.  Doc. No. 25.  The three motions are now ripe for review.

## I.

At the motion to dismiss stage, "[t]he Court accepts a *pro se* plaintiff's allegations as true and "construe[s] filings by *pro se* litigants liberally." *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (citing *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005)).  However, while *pro se* pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *pro se* plaintiffs must still satisfy basic pleading requirements.  *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

## II.

Even with liberally construing Plaintiff's allegations in his favor as a *pro se* litigant, his factual allegations fail to state an actionable claim upon which relief may now be granted.  Beginning with Plaintiff's defamation claim, the alleged defamatory content was first published in 2009.  Doc. No. 6 at PageID 47.  In Ohio, a cause of action for defamation accrues upon the date of publication of the defamatory content, and the statute of limitations is one year.  *Lewis v. Delaware County JVSD*, 161 Ohio App.3d 71, 76 (2005); *see Niederst v. Minuteman Capital, LLC*, No. 1:23-cv-117, 2023 U.S. Dist. LEXIS 130270, at *30 (N.D. Ohio July 24, 2024) ("Notably, Ohio courts have consistently refused to adopt or apply a continuing publication rule for defamation claims.").  Plaintiff filed this current action on July 1, 2025, over fifteen years after the statute of limitations expired.  Doc. No. 1 at PageID 1.  Accordingly, Plaintiff's defamation claim should be dismissed with prejudice because it is time-barred.

---

[1] Accordingly, Defendant Apollo Global Management is **DISMISSED** as a party.  Fed. R. Civ. P. 21.

Plaintiff argues that the statute of limitations is tolled by equitable estoppel (Doc. No. 22 at PageID 148), but that is not the case here.  Plaintiff states that when Defendants removed the article in 2010, they were effectively "concealing the defamation" from him only to later reintroduce it.  *Id.*  However, Plaintiff still had the opportunity—from the original publication in 2009 and within one year of that publication—to proceed in an action for defamation.  The statute of limitations does not toll simply because the publishing party removes the content from its platform, as that would circumvent the reasoning behind Ohio's refusal to adopt a continuing publication rule for defamation claims.  *Cf. Weidman v. Hildebrant*, 178 Ohio St.3d 3, 18 (2024) (without the first publication rule, "the cause of action for libel could potentially never end and the statute of limitations for libel would run every time the defamatory matter was republished.").

Even if Plaintiff's defamation claim survived, despite the statute of limitations now barring it, that claim should be dismissed for another reason: taking the facts as alleged by Plaintiff to be true, there was no false statement.  *See Mitchell v. Fijitec Am., Inc.*, 518 F. Supp.3d 1073, 1092 (S.D. Ohio 2021) (explaining that "a plaintiff must plead sufficient facts to plausibly establish that each element of a defamation claim is present.").  The news article in question, that Plaintiff produced, says, "Former Dayton City Commission candidate Mark Newberry was arraigned Monday afternoon on a charge of child endangering."  Doc. No. 22-2 at PageID 153.  Plaintiff states throughout his filings that Defendants reported that he had been *indicted*.  Doc. No. 22 at PageID 149 ("The Complaint alleges that Defendants falsely reported Plaintiff was indicted"); Doc. No. 6 at PageID 47.  Plaintiff has alleged no facts supporting that he was never *arraigned*, as the article states.  As such, Plaintiff has not sufficiently pled the first element of a defamation claim, a false statement, and the claim fails.

## III.

Plaintiff also notes in his complaint that Defendants have "violated the FTC Act (unfair trade practices) [and] the Lanham Act (false commercial representation)."  Doc. No. 6 at PageID 49.  In

construing Plaintiff's filing liberally in his favor, we interpret these statements as alleging counts under the Federal Trade Commission Act and the Lanham Act.

There is no private right of action under the Federal Trade Commission Act. *See generally Morales v. Walker Motors Sales, Inc.*, 162 F. Supp. 2d 786, 790 (S.D. Ohio 2000). As such, any Federal Trade Commission Act claims should be dismissed. *Accord. Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 988-89 (D.C. Cir. 1973) (explaining that the Federal Trade Commission Act "nowhere purports to confer upon private individuals, either consumers or business competitors, a right of action to enjoin the practices prohibited by the Act or to obtain damages following the commission of such acts. On careful examination of the Act and its legislative history, both when passed in 1914 and amended in 1938, we find strong indication that Congress did not contemplate or intend such a private right of action.").

Additionally, while the Lanham Act itself does not have a statute of limitations, its claims are barred by laches if they are brought outside the corresponding state statute of limitations. *See Niederst v. Minuteman Capital, LLC*, No. 1:23-cv-117, 2023 U.S. Dist. LEXIS 130270, at *44-46 (N.D. Ohio July 24, 2024). The corresponding state statute of limitations is, at most, two years. *See id.* Because it has been more than fifteen years since the action first accrued, the statute of limitations for any Lanham Act claim has expired. Therefore, any Lanham Act claims should be dismissed. *See also FedEx Ground Package Sys., Inc. v. Route Consultant, Inc.*, 97 F.4th 444, 452 (6th Cir. 2024) (affirming a Rule 12(b)(6) dismissal of a Lanham Act claim).

**IV.**

For the reasons stated, Plaintiff's *pro se* claims against Defendants are **DISMISSED**, and this case is **TERMINATED ON THE DOCKET**. The motion to dismiss filed by Defendants Cox Media Group LLC, Dayton Daily News, and WHIO-TV is **GRANTED**, and the motion to dismiss filed by Defendant Apollo Global Management is **DENIED AS MOOT**. Also **DENIED AS MOOT** is

Plaintiff's motion for leave to substitute a party (which the Court liberally construes as a motion for leave to amend), given that the untimely nature of his claims cannot be cured by the filing of an amended complaint.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court hereby **CERTIFIES** to the United States Court of Appeals for the Sixth Circuit that an appeal by Plaintiff would be frivolous and not taken in good faith.  Consequently, Plaintiff should not be permitted to proceed *in forma pauperis* on appeal, and the Court **DENIES** Plaintiff a certificate of appealability.

    **IT IS SO ORDERED.**

December 15, 2025                                      s/*Michael J. Newman*
                                                           Hon. Michael J. Newman
                                                           United States District Judge